IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
February 5, 2015 Session Heard at Nashville

**STATE OF TENNESSEE v. RICCO R. WILLIAMS**

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Lauderdale County**
**No. 8856     Joe H. Walker III, Judge**

_____

**No. W2013-01897-SC-R11-CD – Filed July 14, 2015**
_____

GARY R. WADE, J., dissenting.

A majority of this Court has determined that when a defendant is charged with the offenses of kidnapping and robbery as to different victims during a single criminal episode, the jury is not entitled to an instruction, pursuant to State v. White, 362 S.W.3d 559 (Tenn. 2012), that in order to convict on the kidnapping charge it must first determine whether the removal or confinement of the kidnapping victim is "essentially incidental" to the contemporaneous robbery of another victim. Because I cannot agree with my colleagues that the White instruction is never applicable to these circumstances, for the reasons set forth in my separate opinion filed today in State v. Teats, No. M2012-01232-SC-R11-CD, I must respectfully dissent.

As in Teats, the proof in this case is subject to different interpretations. On one hand, a rational juror might conclude that the Defendant and his two accomplices intended only to rob Mr. and Mrs. Currie, and that any removal or confinement of their three children was in furtherance of that goal, making it essentially incidental to the robberies. On the other hand, the evidence could support a finding that the removal or confinement of the children went beyond that necessary to accomplish the robberies. Because the proof could be interpreted in different ways, I would reverse each of the Defendant's remaining convictions for especially aggravated kidnapping and remand for a properly instructed jury to determine whether there was a removal or confinement of the three children that was not essentially incidental to the robberies of Mr. and Mrs. Currie. See State v. Cecil, 409 S.W.3d 599, 612-13 (Tenn. 2013) (remanding for a new trial because the question of whether the removal or confinement of a victim is essentially incidental to an accompanying offense is one for the jury to decide as a matter of fact).

_____
GARY R. WADE, JUSTICE